# IN THE COURT OF APPEALS OF IOWA

No. 14-0177
Filed April 22, 2015

**JEREMY LEE ALTMAN,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Kurt L/ Wilke,

Judge.


Jeremy Altman appeals the district court's denial of his application for

postconviction relief.  **AFFIRMED.**


Douglas E. Cook of Cook Law Office, Jewell, for appellant.

Thomas J. Miller, Attorney General, Heather A. Mapes, Assistant Attorney

General, Ricki L. Osborn, County Attorney, and Joseph L. Tofilon, Assistant

County Attorney, for appellee.


Considered by Danilson, C.J., and Potterfield and Bower, JJ.

**BOWER, J.**

Jeremy Altman appeals the district court's denial of his application for postconviction relief (PCR) claiming his trial counsel was ineffective. We affirm on appeal by memorandum opinion pursuant to Iowa Court Rule 21.26(1)(a) and (d).

The district court made the following findings:

> On July 8, 2010, the Applicant entered pleas of guilty to the criminal charges of Willful Injury as a Habitual Felon, Stalking as a Habitual Felon, Aggravated Domestic Abuse, Possession of Methamphetamine Third Offense, Criminal Mischief in the Fourth Degree and Harassment in the First Degree. The Applicant's plea was pursuant to a plea agreement wherein he would be sentenced to fifteen years each on the Willful Injury and Stalking charges, five years on the Possession of Methamphetamine charge, two years each on Aggravated Domestic Assault and Harassment charges, and one year on the Criminal Mischief charge. Those sentences would run consecutively, but be suspended and the Applicant would be placed on probation for five years and required to be placed in the Residential Correctional Facility for a period of 180 days.

After his placement at the residential facility, Altman violated the terms of his probation and was sentenced to a term not to exceed forty years in prison. On September 12, 2012, Altman filed an application for PCR claiming his trial attorney, Joseph McCarville, was ineffective as Altman was unaware the plea bargain included pleading guilty to stalking as a habitual felon.

We review PCR proceedings for errors at law. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). To the extent Altman's claim involves the constitutional right to effective assistance of counsel, our review is de novo. *Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012).

McCarville testified at the PCR hearing he discussed the terms of the plea bargain with Altman, which included the stalking charge. An email exchange between McCarville and the assistant county attorney a month before Altman's plea reflects an offer to plead to the stalking charge in exchange for a recommendation for placement at the residential facility. Additionally, McCarville recalled Altman was "excited to take [the bargain] because he got to go to the halfway house." He also remembered advising Altman he would be better off taking a ten- to fifteen-year prison sentence, rather than risk violating probation and receiving a forty-year sentence. McCarville noted:

> I don't recall the details, but [the county attorney] offered him forty years in prison, all suspended if he'd go to the facility. There was no doubt in my mind the prosecutors were 100 percent certain he would not survive probation and I had my doubts as well, but Jeremy wanted the deal. If you read the transcript, he's pretty enthusiastic about it.

A review of the transcript from the plea/sentencing hearing shows the court conducted an extensive colloquy with Altman to make certain he was completely aware of the charges to which he was pleading guilty. The colloquy included the stalking charge. The court read the elements of the stalking charge and Altman agreed he committed the offense. When the court asked for McCarville's opinion on what Altman had to lose by going to trial, McCarville stated the probability of conviction on the stalking charge was very high.

The postconviction court's detailed and thorough ruling addressed the issues presented and correctly found that counsel was not ineffective. Altman was unable to show trial counsel breached any professional duty. Pursuant to

Iowa Court Rule 21.26(1)(a) and (d) we affirm the postconviction court's denial of Altman's application.

**AFFIRMED.**